UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY CAMPBELL,

       Plaintiff,                         Case No. 2:10-cv-1129
                                          JUDGE GREGORY L. FROST
    v.                                     Magistrate Judge Norah McCann King

CHRISTOPHER KORLESKI, et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court on the defendants' motion to dismiss (ECF No. 17), the plaintiff's memorandum in opposition (ECF No. 22), and the defendants' reply memorandum (ECF No. 23). For the reasons that follow, the Court **GRANTS in part and DENIES in part** the defendants' motion.

**I.  Background**

The plaintiff, Anthony Campbell, is an African American employee of the Ohio Environmental Protection Agency ("EPA"), having been hired in 1997 as a chemist. In January of 2007, Campbell was reassigned to the Ohio EPA Southwest District Office, Division of Emergency Remedial Response ("DERR") as an Environmental Specialist II – On Scene Coordinator. The chain of supervision over Campbell at DERR consists of Environmental Supervisor Brian Nickel, Environmental Manager Mike Starkey, and Environmental Administrator Jeff Hines. Hines reports directly to the Ohio EPA Director, Scott J. Nally.

1

Campbell has named Nally,[1] Hines, Starkey, and Nickel as defendants in this action.

In the amended complaint, Campbell alleges that his progress within the EPA prior to being assigned to DERR was exceptional and that he "received very favorable evaluations from his chain of supervision." (ECF No. 13 at ¶ 11.) Campbell further alleges that his "treatment since being assigned to DERR has been characterized by placement into positions where his opportunity for advancement is minimal." *Id.* at ¶ 12. Campbell contends that "[s]tandard management guidelines related to development of performance standards and delineation of job responsibilities through an interactive process between Mr. Campbell and his supervisors has not taken place." *Id.* Campbell complains that the defendants have developed "[a]n atmosphere of isolation and lack of support" around him. *Id.*

Campbell further alleges that he "has been subjected to a persistent pattern of disparate supervision practices[,]" such as being subjected to performance evaluation standards to which his similarly situated white coworkers were not subjected. *Id.* at ¶ 13. Also, Campbell avers that "[t]he manner in which [he] has been treated within DERR is the product of racially discriminatory motives aimed at assuring that his job advancement and promotion opportunities are secondary to the opportunities available to any white male within the Southwest Division, regardless of education or experience." *Id.* at ¶ 14. Campbell contends that "[h]e has the qualifications to be accorded the career management and guidance accorded to white males in the Southwest Division, but by reason of his race has not received." *Id.* at ¶ 15.

On December 15, 2010, Campbell filed this action. On January 12, 2011, the defendants

---

[1]Campbell originally named Christopher Korleski, the former Director of the Ohio EPA, as a defendant. The current Ohio EPA Director Scott J. Nally has been substituted for Korleski. *See* Fed. R. Civ. P. 25(d) (state "officer's successor is automatically substituted as a party").

2

moved for dismissal. (ECF No. 4.) On February 2, 2011, Campbell filed his memorandum in opposition to the defendants' motion to dismiss (ECF No. 14), along with an amended complaint (ECF No. 13). In his opposition memorandum, Campbell indicated that the amended complaint cured the defects in the original complaint.

On February 16, 2011, the defendants filed a second motion to dismiss, which incorporated the original motion to dismiss. (ECF No. 17.) That motion is ripe for review.

## II. Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## III. The Defendants' Motion to Dismiss

In the amended complaint, Campbell alleges race discrimination in violation of Ohio's anti-discrimination statutes, Ohio Rev. Code § 4112.01 *et seq.* ("Chapter 4112"), race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and denial of equal protection and substantive due process in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983").

**A.  Ohio Revised Code Chapter 4112**

Campbell filed claims for racial discrimination under Chapter 4112 of the Ohio Revised Code against all four of the defendants in their official capacities and against Hines, Starkey, and Nickel in their individual capacities.

**1. Official Capacity Claims**

The defendants argue that the Eleventh Amendment to the United States Constitution bars Campbell's Chapter 4112 official capacity claims filed against them.  Campbell agrees that the Eleventh Amendment bars his official capacity claims for damages, but contends that it does not bar the official capacity claims that seek prospective, injunctive relief.  This Court agrees.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state."  U.S. Const. amend. XI.  Despite its seemingly clear text, the United States Supreme Court has interpreted the Eleventh Amendment, in light of "the structure of the original Constitution itself," *Alden v. Maine*, 527 U.S. 706, 728, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999), as granting states broad sovereign immunity from federal suits filed by their own citizens as well as citizens of other states.  *See Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  This sovereign immunity extends to any suit against a state or an entity of the state, regardless of the relief sought.  *Pennhurst*, 465 U.S. at 101.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71, 109 S. Ct. 2304; 105 L. Ed. 2d 45 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the State itself." *Id.* (citations omitted). Thus, unless there is an exception applicable in the instant action, sovereign immunity bars Campbell's state law official capacity claims.

There are three main exceptions to a state's sovereign immunity, one of which is applicable here.[2] The Eleventh Amendment does not bar suits against state officials that seek prospective, injunctive relief. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Campbell indicates in his amended complaint that he "seeks compensatory and punitive damages and equitable relief." (ECF No. 13 at 1.) Consequently, to the extent that Campbell seeks prospective, injunctive relief against the defendants, they are not immune from his state law official capacity claim.

Accordingly, the Court **GRANTS** the defendants' motion to dismiss as it relates to Campbell's state law official capacity claims that seek damages and **DENIES** the motion as it relates to Campbell's state law official capacity claims that seek prospective, injunctive relief. Additionally, the Court concludes that Campbell can make no allegation in an amendment to the amended complaint that could alter the constitutional bar to Campbell's state law official capacity claims that seek damages.

---

[2] A second exception is one whereby a state may, by statute, waive its sovereign immunity and consent to be sued in federal court. *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). A third exception is one in which Congress abrogates the states' sovereign immunity by " 'unequivocally expresse[ing] its intent to abrogate the immunity' . . . [and acts] 'pursuant to a valid exercise of power.' " *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68, 106 S. Ct. 423, 88 L. Ed. 2d 371 (1985)).

**2. Individual Capacity Claims**

Campbell also filed claims for relief under Chapter 4112 of the Ohio Revised Code against the defendants in their individual capacity. The defendants assert that dismissal of these claims is warranted because this Court lacks the jurisdiction[3] to entertain such state law claims. This Court agrees.

Two statutes support the defendants' position. The first statute, Ohio Revised Code § 9.86, provides in relevant part that

> no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

---

[3]The Supreme Court indicated in *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) and *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) that the defense of sovereign immunity is more analogous to the defense of lack of personal jurisdiction than to a lack of subject matter jurisdiction. In those cases, the Court noted that sovereign immunity is a defense that a state can either elect to raise in a case, or waive, *Schacht*, 524 U.S. at 388-89, and that a state may waive its sovereign immunity through its conduct. *Lapides*, 535 U.S. at 624 (holding that a state's decision to remove a case to federal court constitutes a waiver of sovereign immunity). In turn, the Sixth Circuit has noted that

> by creating a clear rule of waiver by removal, the Supreme Court has unequivocally rejected the view that, in cases over which the federal court otherwise has original jurisdiction, the additional "jurisdictional bar" erected by the Eleventh Amendment should be treated as a matter of "subject matter" jurisdiction rather than "personal" jurisdiction. . . . [T]he rule [regarding waiver by removal] is consistent only with the view that the immunity defense in cases otherwise falling within a federal court's original jurisdiction should be treated like the defense of lack of personal jurisdiction.

*Ku v. State of Tennessee*, 322 F.3d 431, 434-35 (6th Cir. 2003). Therefore, the Court speaks in terms of lacking personal jurisdiction over the defendants as to Campbell's state law claims, rather than lacking subject matter jurisdiction over those claims.

Ohio Rev. Code § 9.86. The second statute, recognizes this immunity and vests the threshold determinations in the Ohio Court of Claims by providing:

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

Ohio Rev. Code § 2743.02(F).

Thus, as another judicial officer has recognized, "[t]he Sixth Circuit has read §§ 9.86 and 2743.02(F) together to hold that a state employee is immune from state law claims until the Court of Claims has held that § 9.86 immunity is unavailable." *Prior v. Mukasey*, No. 3:08CV994, 2008 U.S. Dist. LEXIS 100668, 2008 WL 5076821, at *2 (N.D. Ohio Nov. 21, 2008). This means that, " '[u]ntil the Ohio Court of Claims determines that [the defendants] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert jurisdiction.' " *Id.* (quoting *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989)).

Thus, because the Ohio Court of Claims possesses exclusive jurisdiction to engage in the statutorily mandated inquiry, the Court **GRANTS** the defendants' motion to dismiss as it relates to Campbell's personal capacity state law claims. The Court further concludes that no amendment to the amended complaint could remedy the jurisdictional defect in Campbell's state law personal capacity claims.

**B. Title VII**

Campbell has filed claims for racial discrimination and retaliation under Title VII against all four of the defendants in their official capacities and against Hines, Starkey, and Nickel in

their individual capacities.

### 1. Official Capacity Claims

With regard to official capacity Title VII claims, the Sixth Circuit has explained:

[T]here is support for the proposition that a supervisor may be held liable [under Title VII] in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer. This Court has not clearly and definitively ruled on this issue and we need not do so today. Under the standards set forth in other circuits that allow supervisors to be sued in their official capacity, Plaintiff has failed to make a showing that Bruzina had significant control over Plaintiff's hiring, firing and working conditions such that he could be considered the "alter ego" of BP. *See, e.g., Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993).

*Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 n. 2 (6th Cir. 2001). This Court recently noted that the issue of whether a supervisor may be held liable under Title VII in his or her official capacity "apparently remains unresolved in this Circuit even eight years [after the *Little* court made this observation]." *Monsul v. Ohashi Technica U.S.A., Inc.*, Case No. 2:08-cv-958, 2009 U.S. Dist. LEXIS 68680, at *6 (S.D. Ohio Aug. 6, 2009) (citing *Butler v. Cooper-Standard Auto. Inc.*, No. 3:08 CV 162, 2009 U.S. Dist. LEXIS 13448, 2009 WL 455337, at *17 (N.D. Ohio Feb. 23, 2009) ("The Sixth Circuit, however, has left open the possibility that 'a supervisor may be held liable on his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer.' " (quoting *Little*, 265 F.3d at 362 n.2))). Currently, now ten years after *Little*, the issue remains unresolved in this circuit.

However, district courts "in this Circuit have suggested that such an official capacity claim under Title VII can proceed." *Id.* at *7 (citing *Osman v. Isotec, Inc.*, 960 F. Supp. 118, 121 (S.D. Ohio 1997) ("In light of the overwhelming weight of recent authority, the Court finds that under Title VII a supervisor may be sued only in his or her official capacity as the agent of

8

the employer . . . ."). Indeed, a court in the Northern District of Ohio recently allowed an official capacity Title VII claim to survive a motion to dismiss for failure to state a claim upon which relief may be granted. *See Smith v. Bd. of Trs. Lakeland Cmty. College*, 746 F. Supp. 2d 877, 892-93 (N.D. Ohio 2010) ("Smith is, at this stage, allowed to proceed with her Title VII claims against Defendants Beverage, Law, Killeen, and Soto-Schwartz in their official capacities.").

In the case *sub judice*, the defendants present no argument as to whether a Title VII official capacity claim is viable in this circuit. That issue, therefore, is left for another day. Instead, the defendants argue that, to the extent there is such a claim, none lies here because (a) Campbell has failed to allege that the defendants had significant control over his working conditions such that they could be considered the alter ego of the Ohio EPA, and that (b) Campbell has not sufficiently pleaded a Title VII claim. The defendants' arguments are not well taken.

### a. Control over Campbell's working conditions

The defendants rely on this Court's decision in *Freshwater v. Mount Vernon City Sch. Dist. Bd. of Educ.*, No.: 2:09-cv-464, 2009 U.S. Dist. LEXIS 114346 (S.D. Ohio Dec. 8, 2009) for support of their argument that Campbell failed to sufficiently allege that the defendants had control over his working conditions. In that case, the Court granted Board of Education member Lynda Weston's motion to dismiss the Title VII official capacity claim filed against her. The Court found that the plaintiff made no allegations that Weston had any control over the plaintiff's working conditions at the Mount Vernon Middle School. Here, unlike the individual defendant in *Freshwater*, Campbell alleges that the defendants are in the direct chain of supervision over Campbell. Further, Campbell alleges that all or some of these defendants

9

utilized racially discriminatory promotion evaluations and that they retaliated against him for objecting to racially motivated disparate treatment.

Indulging all reasonable inferences that might be drawn from the pleadings, the Court concludes that Campbell has sufficiently alleged that the defendants possessed varying degrees of control over his working conditions to survive a motion to dismiss. *See e.g., Smith v. Bd. of Trs. Lakeland Cmty. College*, 746 F. Supp. 2d 877, 892 (N.D. Ohio 2010) ("The factual allegations in the Amended Complaint raise at least a possibility that Defendants Beverage, Law, Killeen, and Soto-Schwartz had varying degrees of control over Smith's working conditions and termination.").

### b. Allegations of a Title VII disparate treatment and retaliation claim

The defendants argue that Campbell has failed to sufficiently allege his Title VII disparate treatment claim because he has not alleged an adverse employment action. This Court disagrees.

Campbell has alleged that he was treated less favorably than his similarly situated white coworkers. Campbell contends that he was evaluated on a racially discriminatory basis that prevented him from being promoted. He avers that (unlike his similarly situated white coworkers) he was placed into positions where his opportunity for advancement was minimal. A reasonable inference can be drawn from Campbell's allegations in the amended complaint that he was denied promotions or not offered promotions that his white coworkers were given and/or offered. Denial of a promotion can constitute a materially adverse employment action, as can a discriminatory evaluation in certain circumstances. *See Byrd v. Stone*, No. 97-1841, 2000 U.S. App. LEXIS 441, at 8-10 (6th Cir. Jan. 6, 2000) (finding that a performance

evaluation could constitute an adverse action for purposes of Title VII because the plaintiff "presented evidence that his name would have appeared on a number of promotion lists had his supervisors" not retaliatorily [or discriminatorily] evaluated his performance").

The defendants also argue that Campbell has failed to sufficiently allege his Title VII retaliation claim because he neither alleges that he engaged in any protected activity nor does he allege that any such protected activity was known by the defendants. This Court disagrees.

Campbell alleges that, in retaliation for objecting to a racially discriminatory performance evaluation, the defendants retaliated against him by placing him in a hostile work environment and preventing him from being promoted. Because the defendants allegedly acted as a result of Campbell's objections, it is reasonable to infer that the defendants knew about Campbell's objection to the allegedly racially discriminatory performance evaluation. Further, Title VII's opposition clause protects an employee's opposition to unlawful discrimination. 42 U.S.C. § 2000e-3(a). Here, Campbell allegedly opposed a racially discriminatory evaluation and non-promotion. Thus, accepting as true Campbell's factual allegations, Campbell has sufficiently pleaded that he engaged in a protected activity and that the defendants knew of the activity.

Accordingly, the Court **DENIES** the defendants' motion to dismiss as it relates to Campbell's Title VII official capacity claims.

### 2. Individual Capacity Claims

Campbell argues that his "claims brought against Hines, Starkey and Nickel in their individual capacities under Title VII may go forward for the reasons such claims may proceed against individuals who otherwise qualify as employers, which Plaintiff has alleged." (ECF No.

22 at 7.)  This Court disagrees.

As the defendants correctly point out, the United States Court of Appeals for the Sixth Circuit has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."  *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  Campbell argues that his allegation that Hines, Starkey and Nickel are employers is sufficient to withstand the defendants' motion to dismiss.  Campbell's argument misapprehends the force of pleading a legal conclusion.  While this Court must accept as true all well-pleaded factual allegations, it need not afford the same benefit to legal conclusions.  *See Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  To survive a motion to dismiss for failure to state a claim upon which relief can be granted requires more than the bare assertion of legal conclusions, unwarranted factual inferences, or the mere "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Campbell's allegation that his supervisors are employers as that term is defined by Title VII is simply a legal conclusion unsupported by any facts.

An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).  Further, the Sixth Circuit has held that despite the express use of the word "agent" in the statute, Title VII does not create individual liability for individuals in supervisory positions such as Hines', Starkey's and Nickel's.  Consequently, even when accepting the facts alleged in the amended complaint as true, Campbell has failed to state a Title VII personal

capacity "claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Thus, the Court **GRANTS** the defendants' motion to dismiss as it relates to Campbell's Title VII personal capacity claims. The Court further concludes that no amendment to the amended complaint could remedy the defects in this claim.

## C.  Section 1983

Campbell filed claims for denial of equal protection and substantive due process in violation of Section 1983 against all four of the defendants in their official capacities and against Hines, Starkey, and Nickel in their individual capacities.

### 1.  Official Capacity Claims

As discussed above in Section III.A.1, an official capacity claim against a state official in his or her official capacity is no different from a suit against the state itself. *Will*, 491 U.S. at 71. The state of Ohio, and thus the Ohio EPA, has not waived its sovereign immunity and consented to suit in federal court under Section 1983. Therefore, the Court **GRANTS** the defendants' motion to dismiss as it relates to Campbell's Section 1983 official capacity claims. The Court further concludes that no allegation could be made in an amendment to the amended complaint that could alter the constitutional bar to Campbell's Section 1983 official capacity claims.

### 2.  Individual Capacity Claims

Campbell has alleged Section 1983 claims against Hines, Starkey and Nickel in their individual capacities based upon their alleged denial of his constitutional rights to substantive due process and equal protection.

#### a.  Substantive Due Process

Substantive due process claims are of two types. *Mertik v. Blalock*, 983 F.2d 1353 (6th

Cir. 1993). With regard to the first type, the Sixth Circuit explains:

> The substantive component of the Due Process Clause protects those rights that are "fundamental," meaning those rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937), overruled on other grounds by *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). This court has "recognized that the Fourteenth Amendment has a substantive due process component that protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) (quotation marks and citation omitted). "Absent the infringement of some 'fundamental' right," however, this court has held that "the termination of public employment does not constitute a denial of substantive due process." *Id.* at 1351.

*Young v. Twp. of Green Oak*, 471 F.3d 674, 684 (6th Cir. 2006). "Substantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Sutton*, 958 F.2d at 1350-51 (internal quotations omitted). "It protects those interests, some yet to be enumerated, implicit in the concept of ordered liberty," like personal choice in matters of marriage and the family." *Id.* at 1351 (internal quotations omitted).

"The other type of [substantive due process] claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them." *Mertik*, 983 F.2d at 1367. "The test for substantive due process claims of this type is whether the conduct complained of 'shocks the conscience' of the court." *Id.* at 1367-67 (citations omitted).

In the present case, Campbell has not alleged, nor can any reasonable inference be made, that he suffered an infringement of any fundamental right or was subjected to conduct that shocks the conscience of the Court. Therefore, the Court **GRANTS** the defendants' motion to dismiss Campbell's Section 1983 individual capacity claims based upon an alleged denial of substantive due process. The Court also concludes that no amendment to the amended complaint can remedy this claim such that it could survive a motion to dismiss for failure to state a claim

upon which relief can be granted.

### b.  Equal Protection

A plaintiff asserting a Fourteenth Amendment Equal Protection claim under Section 1983 must prove the same elements required to establish a disparate treatment claim under Title VII. *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir. 1988).  For the same reasons Campbell's Title VII claim survives, this claim does also.  Accordingly, the Court **DENIES** the defendants' motion to dismiss as it relates to Campbell's Section 1983 individual capacity claims based upon alleged denial of equal protection.

### IV.  Campbell's Request to Amend the Amended Complaint

Campbell requests that the Court permit him to file a second amended complaint if the Court finds the amended complaint deficient.  Rule 15 provides, *inter alia*, that a party may amend its pleadings with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a).  A court should freely give leave when justice so requires.  *Id.*  The decision to grant or deny leave to amend lies within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  "A court need not grant leave to amend, however, where amendment would be 'futile.' "  *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182)).  Courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Id.*

Here, as the Court concluded *supra*, the claims it dismisses in this Opinion and Order cannot be remedied by amendment to the amended complaint.  This is because:  no allegation can be made in an amendment to the amended complaint that could alter the constitutional bar to either Campbell's state law official capacity claims that seek damages or his Section 1983

official capacity claims; this Court lacks personal jurisdiction over the defendants to hear Campbell's state law personal capacity claims; there is no Title VII personal capacity claim against a supervisor available in the Sixth Circuit; and the facts surrounding Campbell's employment do not implicate a fundamental right or an action that shocks the conscience of the Court.  Consequently, any amendment to the amended complaint would be futile.

Accordingly, the Court **DENIES** Campbell's request to amend the amended complaint.

### V.  Conclusion

Based on the foregoing, the Court **DENIES** Campbell's request to amend the amended complaint and **GRANTS in part and DENIES** in part the defendants' motion to dismiss. (ECF No. 17.)  Specifically, the Court:

1. **GRANTS** the defendants' motion as it relates to Campbell's state law official capacity claims that seek damages;

2. **DENIES** the defendants' motion as it relates to Campbell's state law official capacity claims seeking prospective injunctive relief;

3. **GRANTS** the defendants' motion as it relates to Campbell's state law personal capacity claims;

4. **DENIES** the defendants' motion as it relates to Campbell's Title VII official capacity claims;

5. **GRANTS** the defendants' motion as it relates to Campbell's Title VII personal capacity claims;

6. **GRANTS** the defendants' motion as it relates to Campbell's Section 1983 official capacity claims;

7.  **GRANTS** the defendants' motion as it relates to Campbell's Section 1983 individual capacity claim based upon substantive due process; and

8.  **DENIES** the defendants' motion as it relates to Campbell's Section 1983 individual capacity claim based upon equal protection.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST
UNITED STATES DISTRICT JUDGE**