# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANTHONY T. CAMPBELL,

      Plaintiff,

                                    **Case No. 2:10-cv-1129**

      v.                             **JUDGE GREGORY L. FROST**

                                    **Magistrate Judge Norah McCann King**

SCOTT J. NALLY, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before this Court for consideration of Plaintiff's motion for reconsideration (ECF No. 74).  For the reasons that follow, the Court **DENIES** the motion.

### I.      BACKGROUND

The facts underlying this action are set forth in the Court's October 1, 2012 Opinion & Order granting Defendants' motion for summary judgment ("Summary Judgment Order") (ECF No. 69).  In the Summary Judgment Order, the Court held, *inter alia*, that Plaintiff failed to set forth sufficient evidence in support of his Title VII disparate treatment claim.

On October 30, 2012, Plaintiff appealed this Court's decision to the Sixth Circuit Court of Appeals.  (ECF No. 71.)  The Sixth Circuit affirmed this Court's judgment.  *Campbell v. Hines*, Case No. 12-4329 (6th Cir. Aug. 8, 2013).  Plaintiff then moved for *en banc* reconsideration of the Sixth Circuit's August 8, 2013 Order; however, that request was denied. *Campbell v. Hines*, Case No. 12-4329 (6th Cir. Nov. 5, 2013).

In addition to denying Plaintiff's petition for rehearing, the Sixth Circuit's November 5, 2013 Order also modified a sentence in its August 8, 2013 Order.  The Sixth Circuit deleted the following phrase from its August 8, 2013 Order:

> Second, Campbell was the only African American employed by the ER unit, and therefore he *cannot* provide any statistical evidence that requiring him to pass the test had an adverse impact on a protected group.

and replaced it with this phrase:

> Second, Campbell *has not* provided sufficient statistical evidence to show that requiring him to pass the test had an adverse impact on a protected group.

(*Id.*)  As is clear from a plain reading of the two phrases, the new language merely limits an otherwise broad statement to the facts of this case.  The change did not affect the Sixth Circuit's ultimate disposition of this case.  Indeed, nine days later on November 14, 2013, the Sixth Circuit issued a mandate pursuant to its August 8, 2013 Order affirming this Court's Summary Judgment Order.  (ECF No. 73.)

Plaintiff now makes the bizarre argument that this Court should reconsider the same Summary Judgment Order that the Sixth Circuit just affirmed.  Plaintiff claims that the Sixth Circuit's November 5, 2013 Order denying his petition for rehearing actually "reversed its position concerning a Title VII disparate impact claim."  (ECF No. 74, at 5.)  In making this argument, Plaintiff ignores the fact that the Sixth Circuit did not reverse itself—instead, it denied Plaintiff's petition for rehearing—and that it subsequently issued a mandate pursuant to its original opinion.  (ECF No. 73.)  The mandate clearly affirms this Court's Summary Judgment Order.  (*Id.*)

Nevertheless, the Court now considers Plaintiff's request to reconsider the Summary Judgment Order.

## II.    ANALYSIS

### A.  Rule 59(e)

Plaintiff purports to bring his motion under Federal Rule of Civil Procedure 59(e).  But under Rule 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).

Plaintiff filed his motion for reconsideration on January 27, 2014.  (ECF No. 74.) Because Plaintiff asks this Court for reconsideration of its October 1, 2012 Summary Judgment Order, Plaintiff's motion is over a year too late.  And even if this Court were inclined to use the Sixth Circuit's November 5, 2013 order denying Plaintiff's petition for rehearing as the date of "final order or judgment," Plaintiff's motion was still filed outside of Rule 59(e)'s 28-day window.  Accordingly, Plaintiff's Rule 59(e) motion is untimely.

### B.  Rule 60(b)

A party seeking post-judgment relief after Rule 59(e)'s 28-day deadline expires must proceed under Rule 60.  *In re Saffady*, 524 F.3d 799, 808 n.2 (6th Cir. 2008) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)).  A Rule 60(b) motion for relief from judgment may only be granted for one of six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Even if the Court were to construe Plaintiff's motion as a request for relief from judgment pursuant to Rule 60(b), such a request is without merit. Plaintiff failed to articulate any reason in its motion that would warrant relief under Rule 60(b).

The crux of Plaintiff's argument is that this Court applied an incorrect legal standard to Plaintiff's disparate treatment claim and that, in modifying its August 8, 2013 Order, the Sixth Circuit acknowledged the error. But the Sixth Circuit's November 5, 2013 modification to its original Order did not reverse its disposition or reopen this case. Instead, nine days after it issued the November 5, 2013 Order, the Sixth Circuit issued a mandate pursuant to its August 8, 2013 Order affirming this Court's Summary Judgment Order. There is no merit to Plaintiff's assertion that the Sixth Circuit intended to do anything other than affirm this Court's judgment.

If Plaintiff disagrees with the Sixth Circuit's decision, his recourse lies in the appellate process. His motion for reconsideration is improper and does not warrant reexamination of issues already decided.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration (ECF No. 74).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE